IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHAWN FRANKLIN WARREN, #1411085 | § | |
| VS. | § | CIVIL ACTION NO. 6:10cv251 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM OPINION AND ORDER ON MOTION TO ALTER OR AMEND THE JUDGMENT *NUNC PRO TUNC* PURSUANT TO FED. R. CIV. P. 59(e)

The Final Judgment dismissing the present cause of action was entered on June 28, 2010. On July 15, 2010, Petitioner Shawn Franklin Warren filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On July 23, 2010, the Court issued an order denying the motion to alter or amend, evaluating the motion as one under Fed. R. Civ. P. 60(b) in the alternative to Rule 59(e) because the motion had not been filed within 10 days of entry of judgment. Ordinarily, a *pro se* motion to alter or amend, or for reconsideration, may be considered under either Rule 59(e) or Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). If such a motion is filed within 10 days of entry of judgment, it is generally treated as a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id*. In this case, however, Petitioner filed his original motion explicitly pursuant to Rule 59(e) and not as a generic "motion for reconsideration." He now moves the Court again to alter or amend its judgment pursuant to Rule 59(e), contending that his original motion was timely filed within 28 days of entry of judgment, according to the terms of Rule 59(e) itself. Therefore, he seeks reconsideration "*nunc pro tunc*" as if his renewed motion were being

1

made at the time he filed his original motion.

Petitioner is correct that Rule 59(e) requires that a motion to alter or amend be filed within 28 days of entry of judgment. *See* Fed. R. Civ. P. 59(e). Regardless, whether proceeding under Rule 59(e) or 60(b), the Court gave full consideration to his motion in the first instance. However, in the interests of justice, the Court will specifically analyze Petitioner's motion under the analytical construct of Fed. R. Civ. P. 59(e).

A Rule 59(e) motion to alter or amend "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Such a motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D.La. 2000)).

Here, when Petitioner filed his original petition for writ of habeas corpus, he also filed a motion for an out-of-time "appeal," referring to his habeas petition (*see* docket entry #3). On June 3, 2010, the assigned Magistrate Judge issued a Report and Recommendation that Petitioner's habeas

2

petition be dismissed with prejudice as time-barred; that his motion to file an out-of-time "appeal," construed as an out-of-time federal habeas petition, be denied; and that a certificate of appealability be denied. This Court's Order of June 28, 2010, adopted that Report and Recommendation and Final Judgment was issued accordingly. When Petitioner filed his original motion to alter or amend the judgment, however, he did not address these findings at all. As the Court recited in its Order denying the original motion to alter or amend,

> Petitioner's motion asserts that there has been an intervening change in the controlling law. He cites Fifth Circuit Court of Appeals cases decided in 2008 and a United States Supreme Court case decided in 1999, none of which could constitute an intervening change in the controlling law because they were decided before Petitioner's case was filed on May 11, 2010.
>
> To prevail on a Rule 60 motion for relief in this Court, Petitioner needs to show grounds for relief from this Court's judgment, rather than from the underlying state court judgment. Petitioner's contention is that he was unable to raise his argument at trial and/or in his state habeas application because the intervening change in the controlling law had not yet occurred. His argument is not directed toward this Court's judgment, but toward his trial and state habeas petition. Any challenge to the outcome of his trial and/or state habeas petition must be addressed in the state court because Petitioner's claim is time barred for purposes of federal habeas review. Because the claims are time barred, this Court did not address the merits of [Petitioner's] claims. [Petitioner's] motion addresses the merits of his state court claims, but does not address the fact that his case is time barred.

*See* docket entry #12 at 2. Although citing Rule 60, above, the Court's analysis is squarely on-point with regard to Rule 59(e) as well. Furthermore, in his instant motion seeking "*nunc pro tunc*" consideration of his motion under the Rule 59(e) analytical framework, Petitioner still has not addressed the time-bar issue at all, but essentially re-urges the arguments in his original motion. Those arguments fail under Rule 59(e) analysis just as under Rule 60(b).

Finally, Petitioner asks that his notice of appeal to the United States Court of Appeals for the Fifth Circuit be "held in abeyance" by this Court while determining his instant motion. He appears

to argue that holding the notice in abeyance will toll his time to appeal and that doing so would make his notice timely filed. He is unclear as to his meaning, but seems to be addressing the Order of Remand issued by the Fifth Circuit in this case, docket entry #16, that questions the timing of his notice of appeal. However, the Fifth Circuit has already taken up Petitioner's appeal in light of this Court's July 23, 2010, Order disposing of his original motion to alter or amend. Therefore, this Court is without jurisdiction to grant Petitioner's post-notice of appeal Rule 59(e) motion. *See Mosley v. Johnson*, 192 F.3d 126, 1999 WL 683835, at *1 (5th Cir. Aug. 5, 1999) (*per curiam*) (citing *Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984) (referring to Rule 60(b) context, a notice of appeal divests district court of jurisdiction to take any action with regard to the matter except in aid of the appeal), *vacated*, 760 F.2d 87 (5th Cir. 1985), *rev'd on other grounds*, 784 F.2d 706 (5th Cir. 1986) (*en banc*)). However, a district court may deny such a motion because it is in furtherance of the appeal. *Willie*, 746 F.2d at 1046.[1]

Ordinarily the Court of Appeals does not have jurisdiction to hear an appeal until entry of an order of the District Court disposing of the last remaining motion under Rules 50(b), 52(b), 54, 59 (for new trial or to alter or amend the judgment) or 60 (if made within 28 days after the judgment is entered). *See* Fed. R. App. P. 4(a)(4); *Henderson v. Quarterman*, 2008 WL 818345, at *2 (S.D. Tex. Mar. 20, 2008); *see also Hansen v. Continental Ins. Co.*, 940 F.2d 971, 975 (5th Cir. 1991) (discussing timing of filing notices of appeal with regard to Fed. R. App. P. 4(a)(4)). It seems that Petitioner believes because he has re-urged his motion to alter or amend under the analytical

---

[1] In this case, the Fifth Circuit has temporarily returned jurisdiction to this Court on remand for the purpose of determining whether Petitioner timely delivered his notice of appeal to prison officials. Whether the temporary remand affects this Court's jurisdiction over a Rule 59 motion is immaterial, since the Court will deny it in any event.

framework of Rule 59(e), he may deprive the Fifth Circuit of jurisdiction while this Court decides his instant motion. He apparently further believes he may have his notice of appeal held in limbo until the Court does so, in order to preserve the timeliness of the appeal itself. However, when a motion to alter or amend the judgment is filed after a notice of appeal, the proper procedure to follow is for the appellant to seek leave from the Court of Appeals for the district court to act, if the district court is inclined to grant relief. *Willie*, 746 F.2d at 1046. Otherwise, a district court may deny such relief in aid of the appeal without leave of the Court of Appeals. *Id*.

Here, the Court will deny relief; furthermore, it will order entry of such denial *nunc pro tunc* to date with and from its original denial of Petitioner's original motion, predating his notice of appeal. Petitioner himself has requested a *nunc pro tunc* order. *See* Motion at 2 ("Now Comes, Shawn Franklin Warren . . . request[ing] that the record be corrected according to the *nunc pro tunc* laws and Federal Civil Rules of Procedure, rule 59(e) . . . ."). Therefore, the Court's Order herein, again denying Petitioner's re-urged motion to alter or amend, is made *nunc pro tunc* to be entered as of the date of the Court's July 23, 2010, Order denying his original motion to alter or amend. Accordingly, his notice of appeal will not be "held in abeyance." It is therefore

**ORDERED** that Petitioner's re-urged motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (docket entry #17) is **DENIED**, such Order to be entered *nunc pro tunc* to date

as of the Court's original July 23, 2010, Order denying Petitioner's motion to alter or amend (docket entry #12). It is further

ORDERED that all other relief sought by Petitioner is hereby **DENIED**.

**SIGNED this 30th day of December, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE