IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| SHAWN FRANKLIN WARREN | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:10CV251 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

On June 28, 2010, this Court entered a Final Judgment dismissing with prejudice the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 23, 2010, the Court denied Petitioner's motion to alter or amend the judgment. Petitioner submitted notice of appeal, which was filed by the Clerk of the Court on August 26, 2010. The United States Court of Appeals for the Fifth Circuit assigned the appeal USCA Case No. 10-40836. The Fifth Circuit examined these facts and concluded it could not determine the date Petitioner's notice of appeal had been filed for jurisdictional purposes. The Court of Appeals observed that the last day for filing a timely notice of appeal was August 23, 2010, and that "[a] prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing," citing Fed. R. App. P. 4(c)(1); *see also Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Further, the Fifth Circuit noted that Petitioner dated his notice of appeal July 30, 2010, but that it was not filed until August 26, 2010. Thus, the case was remanded for a determination of whether the notice of appeal was delivered by the Petitioner to prison authorities for forwarding to the Clerk of the Court on or before August 23, 2010. *See Thompson v. Montgomery*, 853 F.2d 287,

288 (5th Cir. 1988).

This Court then ordered the Respondent to submit authenticated copies of pages from the outgoing legal mail log at the Stevenson Unit of the Texas prison system, in which Petitioner is incarcerated, showing when Petitioner submitted a letter for mailing addressed to the Clerk of the Eastern District of Texas during the period of time from July 30, 2010, through August 25, 2010. The Court also directed that the Respondent submit an affidavit from the mail room supervisor explaining how often unit personnel pick up mail placed in the internal mail system and how long mail room personnel take to log a letter after it is delivered to the mail room.

Following an extension of time, Respondent filed a copy of the applicable mail log on April 5, 2011, accompanied by the authenticating affidavit of Mailroom Supervisor Loys Feldhousen. Despite that Petitioner dated his notice of appeal as July 30, 2010, there is no entry in the prison mailroom log for any mail delivered by Petitioner on that date. Instead, during the pertinent period, Petitioner deposited mail into the prison mailbox for mailing on two other dates. On August 3, 2010, he mailed one package to this Court and another package to the Attorney General of Texas. A review of this Court's docket reveals that on August 5, 2010, Petitioner's objections (docket entry #13) to the Court's Order denying his motion to alter or amend the judgment were entered on the docket as filed. An examination of that filing reveals that Petitioner dated the pleading July 30, 2010, and stated by unsworn declaration that he placed it in the Stevenson Unit's mailbox that same date. However, as noted, there is no mailroom log entry for that date and the envelope for Petitioner's Objections is clearly postmarked August 3, 2010, consistent with the mailroom log.

The only other outgoing mailroom log entry for Petitioner was on August 24, 2010. At that time, he delivered a package to Stevenson Unit mailroom officials for mailing to this Court at its

address of 211 W. Ferguson St., Tyler, Texas, 75702. Given that the August 3, 2010, mailing could only have been Petitioner's objections and not his notice of appeal, the August 24, 2010, mailing is the only other date that the notice of appeal could have been delivered to the prison system for mailing. The postmark on Petitioner's notice of appeal appears to be August 24, 2010, consistent with the mailroom log for that date.

The Respondent also filed an authenticated copy of the Stevenson Unit's Mailroom Procedures. In pertinent part, the procedures state:

- Mailroom hours are 6:30 a.m. - 5:00 p.m.

- A mailroom employee picks up mail from designated mailboxes each morning at approximately 6:30 a.m.

- Legal/special/media mail/ names/ addresses are verified, logged and delivered to mail carrier/post office by 1:00 p.m. each working day. If email verification is received after this time, it is logged for the following day and delivered to mail carrier/post office by 1:00 pm. on that day.

*See* Respondent Thaler's Advisory (docket entry #27) at Ex. B. There is no indication in the log that Petitioner's mail was delivered to the prison mailbox on any date other than August 24, 2010.

To date, the Petitioner has not filed any form of rebuttal to the Respondent's filing.

In light of the foregoing, the Court determines that the Petitioner delivered his notice of appeal to prison officials on August 24, 2010. It is accordingly

**ORDERED** that the Clerk forward a copy of this memorandum to the United States Court of Appeals for the Fifth Circuit in reference to USCA Case No. 10-40836 and to Petitioner.

**It is SO ORDERED.**

**SIGNED this 25th day of April, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE